UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.A.C.F,<br><br>    Petitioner,<br>  v.<br><br>LaDeon FRANCIS, Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW., Raul Maldonado Jr. Warden, MDC Brooklyn,<br><br>    Respondents. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br>26-CV-00872 (NRM) |

NINA R. MORRISON, United States District Judge:

  Petitioner Hugo Alejandro Caldera Ferrer is presently detained by Respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He is a Venezuelan national who entered the United States in 2021 with a visitor visa, then subsequently applied for and attained Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a starting in 2024. Petitioner was taken into Respondents' custody and detained in Delaney Hall in Newark, NJ on February 5, 2026, before being transferred to his present location at some time on or before February 13, 2026.

  On February 13, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and

1

statutory rights, and seeking entry of an order directing his immediate release from detention. The case was initially assigned to the Hon. Eric Vitaliano, then re-assigned to the undersigned on February 17, 2026, at which time the Court issued an Order directing Respondents to file, by 12:00 PM on February 18, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), or from any other prior decisions issued by the undersigned in this area of law. ECF No. 5,

The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Court's analysis in *Hyppolite* or another decision of this Court, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's February 17, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause as to why it should not be granted on or before February 20, 2026 at 2:00 PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those three facts.

At 11:58AM on February 18, 2026 (two minutes before the deadline to file their

2

initial submission), Respondents filed a motion for extension of time to file its initial submission, indicating that they had received consent from Petitioner's counsel to file that submission by February 20, 2026 at 2:00PM.  ECF No. 6.  The Court granted the motion in part, directing Respondents to file its initial submission by February 19, 2026 at 2:00PM.  Later that day, after Petitioner's counsel filed a letter with the Court stating that he had not, in fact, consented to the extension request nor communicated with Respondents' counsel about it at all, Respondents' counsel clarified that he had called the wrong phone number for Petitioner's counsel, and had not in fact spoken with Petitioner's counsel nor received consent for their extension request from anyone authorized to provide it, and apologized to counsel and the Court for the error.  ECF No. 9.

In their brief letter response filed on February 19, 2026, Respondents took the position that this case was distinguishable from *Hyppolite* because here, the government detained Petitioner pursuant to 8 U.S.C. § 1226(a), and Petitioner could challenge his detention in a "custody redetermination hearing" before an Immigration Judge, which at the time of the letter had been scheduled for February 24, 2026.  ECF No. 10 at 1.  The Court then directed Respondents to provide a more complete, supplemental response to the Order to Show Cause by February 20, 2026, at 2:00PM indicating whether Petitioner was provided "notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker" (and if so, what those procedure(s) entailed), as this Court had previously determined was required by law for the reasons stated in its opinion in *Hyppolite*.  *Hyppolite*, 2025 WL 2829511, at

3

*16.

On February 20, 2026, at 2:00PM, rather than file the supplemental response ordered by the court, Respondents filed another motion for extension of time to file that response. ECF No. 12. The Court then convened a remote videoconference with the parties on the same day. At the conference, the Court invited counsel for Respondents to provide any and all information it had gathered from its investigation in the seven days since the petition was filed regarding the circumstances of Petitioner's detention, including whether Petitioner was provided notice and/or an opportunity to be heard on an individualized bond determination prior to his detention, either before an Immigration Judge or before any other neutral decisionmaker. Counsel for Respondents stated that he was currently unaware whether any such pre-detention procedure was provided, but that he nonetheless believed that Petitioner's detention was lawful under § 1226(a) because Petitioner was now scheduled to appear before an Immigration Judge for a "custody redetermination hearing" on February 24, 2026. Petitioner's counsel responded that although such a hearing had been previously scheduled, it had been withdrawn pending a request for adjournment due to the hearing scheduled in this case, also set for that date, and that in any event Petitioner's detention was unlawful because he had not been provided with such process prior to his detention.

In sum, at this juncture in the litigation, Petitioner has alleged that he was arrested and detained on February 5, 2026 without any opportunity to challenge his custody determination before he was remanded, whether by an Immigration Judge

4

or by any other neutral decisionmaker. And despite having had Petitioner in their custody since February 5, and having had the allegations in the petition under investigation for at least seven days, Respondents have not disputed those assertions. For both the reasons stated on the record at today's videoconference and the reasons that follow, the Petition is granted.

Respondents take the position that this case is distinguishable from the Court's decision in *Hyppolite* because unlike in *Hyppolite*, they do not dispute that it is § 1226(a), not § 1225(b), that governs ICE's detention authority. However, that ignores a substantial portion of the Court's analysis in *Hyppolite*. Once it is determined that a noncitizen has been detained pursuant to the discretionary authority under § 1226(a) — which Respondents here concede is the case — that detention must satisfy the constitutional guarantees of the Due Process Clause. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). As this Court underscored in *Hyppolite*, "[s]pecifically, § 1226(a)'s implementing regulations require an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or persons' and (2) is 'likely to appear for any future proceeding.'" *Hyppolite*, 2025 WL 2829511, at *13 (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8–9 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493–95 (S.D.N.Y. Aug. 13, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025

WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025). To that end, Respondents were required to provide Petitioner "with notice and a bond hearing before a neutral magistrate" prior to detaining him. *Hyppolite*, 2025 WL 2829511, at *2.

Respondents argue that detention here is lawful under § 1226(a) because they intend to provide Petitioner with a *post*-deprivation "custody redetermination hearing" where Petitioner can seek release from custody. However, this Court in *Hyppolite* made clear that § 1226(a) and the Due Process Clause requires that noncitizens be given notice and a bond hearing *prior* to detention. *See Hyppolite*, 2025 WL 2829511, at *13–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the conclusion reached by many other courts in this circuit. *See, e.g.*, *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (holding that a "custody redetermination hearing" is "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause" (internal quotation omitted)); *Tumba v. Francis*, --- F. Supp. 3d ---, 2025 WL 3079014, at *7 (S.D.N.Y. Nov. 4, 2025) (noting that "the Government's violation of Petitioner's constitutional rights originated with her detention in the first instance," and that "a [post-deprivation] bond hearing could not cure that constitutional violation"); *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, 2025 WL 3314420, at *30 (E.D.N.Y. Nov. 28, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494–95 (S.D.N.Y. 2025); *Singh*

6

*v. Maldonado*, No. 26-CV-00019 (OEM), 2026 WL 233216, at *8–10 (E.D.N.Y. Jan. 29, 2026); *O.F.B. v. Maldonado*, --- F. Supp. 3d ---, 2025 WL 3277677, at *8 (E.D.N.Y. Nov. 25, 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026). The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *12–16.

The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 10:00AM on Saturday, February 21, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep**

7

**Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 1:00 PM on that same date (Saturday, February 21, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from redetaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for February 24, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition. Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: February 20, 2026
Brooklyn, New York