UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.A.C.F, <br><br> Petitioner, <br><br> v. <br><br> LaDeon FRANCIS, Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Raul Maldonado Jr., Warden, MDC Brooklyn, <br><br> Respondents. | ORDER GRANTING RECONSIDERATION IN PART <br><br> 26-CV-00872 (NRM) |

NINA R. MORRISON, United States District Judge:

Petitioner Hugo Alejandro Caldera Ferrer ("H.A.C.F.") was arrested and detained on February 5, 2026, and transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York. On February 13, 2026, Petitioner filed a petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violated his constitutional and statutory rights. On February 20, 2026, the Court granted the Petition (the "Order"), finding that Petitioner was not provided "notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker" as required under this Court's prior analysis of analogous legal issues

1

in *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025).   ECF No. 14. Petitioner was released from custody pursuant to the Court's order later that same day.  ECF No. 15.  However, in light of the fact that Respondents had not yet briefed any opposition to merits of the Petition, the Court refrained from entering judgment to provide Respondents an opportunity to determine whether they would move for reconsideration of the Order.

On March 6, 2026, Respondents moved for reconsideration.   ECF No. 16. Respondents primarily challenge the Order's interpretation of the Court's own prior opinion in *Hyppolite*, arguing that *Hyppolite*'s requirement that a noncitizen be provided a "pre-deprivation bond hearing before a neutral decisionmaker" applied only to the circumstances present in that case, and not as a general matter.  They therefore ask that the Court "reconsider the [Order]'s reliance on *Hyppolite* and amend the [Order] by removing the holding that ICE must provide the pre-detention notice and hearing to every foreign national whom ICE seeks to detain under § 1226(a)."  ECF No. 16 at 2.

Respondents' motion is based on a broad characterization — and arguably a mischaracterization — of this aspect of the Court's decisions in both the instant case and in *Hyppolite*.  *See* ECF No. 16 at 2 (contending that the Court, in its order granting H.A.C.F.'s petition, "held that every alien whom ICE intends to detain under section 1226(a) is entitled to that pre-deprivation notice and hearing, even if ICE never violated the rights of that alien").  However, the Court acknowledges that in the instant case, there is no need to decide whether a pre-deprivation bond hearing

2

before an immigration judge is required in all such cases. That is because, in the instant case, Respondents claim that they detained H.A.C.F. under 8 U.S.C. § 1226(a) — a different provision of the INA than the one they relied upon in *Hyppolite* — and, most importantly, they do not dispute that § 1226(a)'s implementing regulations do, in fact, require some sort of "individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or persons' and (2) is 'likely to appear for any future proceeding.'" *Hyppolite*, 808 F. Supp. 3d at 491 (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Iza ex rel. Iza v. Laroco*, No. 2:25-cv-6915 (NJC), 2026 WL 31378, at *10 (E.D.N.Y. Jan. 5, 2026) ("Respondents' detention of [the petitioner] without any pre-deprivation notice and an opportunity to be heard, much less any individualized determination by a DHS officer or immigration judge as to whether detention is appropriate based on public safety concerns or flight risk, violates his Fifth Amendment rights.").

It has now been 45 days since the filing of the Petition, and 41 days since the Court ordered Respondents to show cause as to why a writ of habeas corpus should not issue, ECF Nos. 1, 5, and Respondents still have not alleged that they engaged in any kind of individualized assessment as is required by § 1226(a) prior to H.A.C.F.'s arrest and detention, let alone a bond hearing before a neutral magistrate. Nor is there any indication that H.A.C.F. was provided with the required pre-detention due process in the records uploaded by Respondents pursuant to the Court's order after this Motion was filed. *See* ECF Nos. 17–20. Instead, Respondents have alleged only that they intended, at some point, to provide H.A.C.F. with a post-deprivation

3

"custody redetermination hearing."  ECF No. 10.  But as this Court already noted in the prior Order, such a hearing is "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (quoting *Lopez v. Sessions*, No. 18-CV-4189 (RWS), 2018 WL 2932726, at *15 (S.D.N.Y. June 12, 2018)); *see also Tumba v. Francis*, No. 25-cv-8110 (LJL), 2025 WL 3079014, at *7 (S.D.N.Y. Nov. 4, 2025); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 318–9 (E.D.N.Y. 2025).

Here, as in *Hyppolite*, "[i]t is undisputed that [H.A.C.F.] was detained without any pre-detention, individualized determination as to whether he posed a flight risk or any risk of dangerousness."  *Hyppolite*, 808 F. Supp. 3d at 491.  Indeed, Respondents have not demonstrated that Plaintiff was provided with *any* process prior to his detention.  Therefore, whether or not this Court interprets § 1226(a) to require a pre-deprivation bond hearing before a neutral magistrate in all cases, the Court has no trouble finding that H.A.C.F.'s detention in the instant case violated his statutory and constitutional rights.  Moreover, the Court does not need to address Respondents' hypothetical holding that a "[noncitizen] whom ICE intends to detain under section 1226(a) is entitled to [a] pre-deprivation notice and hearing, even if ICE never violated the rights of that [noncitizen]," ECF No. 16 at 2, because the Court found — and continues to find — that ICE did violate H.A.C.F.'s rights in this case.

Respondents' motion for reconsideration is thus granted in part.  The Court's February 20, 2026 Order granting the Petition is amended so as not to rely on the cited language in *Hyppolite* that "Respondents were required to provide [H.A.C.F.] 'with notice and a bond hearing before a neutral magistrate' prior to detaining him." ECF No. 14 at 6 (quoting *Hyppolite*, 808 F. Supp. 3d at 479).  However, the disposition of the Order remains unchanged, as Respondents were still required to conduct "an individualized determination as to whether the detention of a noncitizen is appropriate" before they took H.A.C.F. into custody under § 1226(a), and they failed to do so.  *Hyppolite*, 808 F. Supp. 3d at 491; *see Rodriguez-Acurio*, 811 F. Supp. 3d at 318 ("Therefore, [Petitioner's] detention without any notice or opportunity to be heard, including an individualized assessment into whether she poses a flight or public safety risk . . . establishes a high risk of erroneous deprivation of her protected liberty interest."); *Goorakani v. Lyons*, No. 29-cv-9456 (DEH), 2025 WL 3632896, at *11 (S.D.N.Y. Dec. 15, 2025) (noting Respondents' "statutory duty to make some sort of individualized determination *before* detaining [noncitizens]" under § 1226(a)) (emphasis supplied).  For these reasons, a "custody redetermination hearing" would not cure the constitutional violation that Respondents inflicted upon H.A.C.F., and he was (and remains) entitled to a writ of habeas corpus to redress his unlawful detention.

The Court's earlier Order granting the Petition is hereby amended in part as noted above.

**SO ORDERED.**

_/s/ Nina R. Morrison_

NINA R. MORRISON
United States District Judge

Dated:      March 30, 2026
            Brooklyn, New York